IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil No. 10-mc-24 (ADM/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| MILTON WALLS, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This summons enforcement matter came on for a hearing before the undersigned Magistrate Judge on June 7, 2010 in connection with an Order to Show Cause issued on April 30, 2010. (Doc. No. 2.) For the reasons that follow, the Court recommends that the Petition to Enforce Internal Revenue Service Summons [#1] be **GRANTED**, that the relief requested by the government be granted, and that the summons at issue be enforced.

## FACTUAL BACKGROUND[1]

On December 2, 2009, in furtherance of an Internal Revenue Service ("IRS") investigation into the collectability of tax liabilities of Respondent Milton Walls, Revenue Officer Eric Patterson personally served a summons on Respondent. (Doc. No. 1, Exs. 1, 2.) The summons sought testimony and the production of documents relating to the collection

---

[1] The factual information reflected in this Report and Recommendation is taken from: the January 26, 2010 Declaration of Eric Patterson attached to the government's petition (Doc. No. 1, Ex. 1); from the text of the summons itself (Doc. No. 1, Ex. 2); from the June 7 hearing at which Mr. Patterson testified; and other evidence of record in this matter.

1

of Respondent's tax liability for tax year 2002. Respondent was instructed to come in and appear before Mr. Patterson on December 17, 2009.

Mr. Walls failed to appear at the scheduled meeting and did not otherwise respond or provide documents or information in response to the summons. The agency therefore issued a "last chance" letter to Mr. Walls on December 28, 2009, instructing him to appear before Mr. Patterson on January 11, 2010. Once again, Mr. Walls refused to comply with the summons and did not appear at the meeting.

On April 23, 2010, the United States petitioned this Court for the enforcement of the IRS summons. (Doc. No. 1.) The undersigned Magistrate Judge issued an Order to Show Cause (Doc. No. 2), 1) requiring Respondent to appear before the Court to explain why he should not be compelled to obey the summons and 2) ordering him to file and serve a written response to the petition setting forth any defenses or motions at least five business days before the scheduled hearing. Respondent did not submit anything in writing and made no appearance at the June 7, 2010 hearing.

## ANALYSIS

Section 7602 of Title 26 of the United States Code (part of the Internal Revenue Code) authorizes the IRS to summon certain persons and data "for the purpose of ... determining the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a). Federal district courts have jurisdiction to enforce such a summons pursuant to 26 U.S.C. § 7604. Enforcement of a summons under § 7604 is appropriate where the record shows that "the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information

sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57-58 (1964). The Commissioner may establish a *prima facie* case for enforcement of a summons by a "minimal showing of good faith compliance with summons requirements." United States v. Norwood, 420 F.3d 888, 892 (8th Cir. 2005) (internal quotations and citation omitted). Such good faith can be demonstrated by the affidavit of an IRS agent. Id.

The United States has met the requirements for the summons to be enforced pursuant to 26 U.S.C. § 7604. Specifically, the declaration of Revenue Officer Patterson establishes that the testimony and documentation requested are necessary and appropriate for enforcement of the internal revenue laws and that the books, papers, records and other data sought are not already in possession of the agency. According to the declaration, no criminal referral has been made to the Department of Justice concerning Respondent, and all administrative steps required for issuance of the summons were taken. Jurisdiction and venue are proper, as the record reflects that Respondent resides in Montevideo, Minnesota. See also 26 U.S.C. § 7402. This is sufficient to meet the government's burden to make out a *prima facie* case that enforcement is appropriate. See United States v. Fond Du Lac Reserv. Bus. Committee, 906 F. Supp. 523, 527 (D. Minn. 1995).

Respondent did not contest the government's factual allegations, either in writing or at the hearing.[2] Those allegations are therefore deemed admitted. Respondent has thus

---

[2] As reflected in the Return of Service filed with the Court (Doc. No. 3), and further explained by Revenue Officer Patterson at the hearing, this Court's Order to Show Cause (Doc. No. 2) was properly served on Respondent insofar as Mr. Patterson personally handed it to a competent adult residing in Mr. Walls's usual place of abode, in compliance with Rule

failed to meet the "heavy" burden necessary to overcome the government's *prima facie* case of enforceability. Norwood, 420 F.3d at 893.

## RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the Petition to Enforce Internal Revenue Service Summons [#1] be **GRANTED**. Further, the Court recommends that:

1. Respondent shall obey every requirement of the IRS summons issued to him on December 2, 2009 within 30 days of the date this Report and Recommendation is adopted by the District Court judge;

2. Specifically, Respondent shall appear before Revenue Officer Eric Patterson at the IRS offices at 1921 Excel Drive, Mankato, Minnesota, 56001 to provide testimony and to produce the categories of documents and records listed in the summons at issue in this matter. Respondent shall make this appearance within 30 days of the date this Report and Recommendation is adopted by the District Court judge.

3. It is further recommended that the United States be awarded its costs associated with the instant petition.

Entered this 11th day of June, 2010.

BY THE COURT:

---

4(e)(2)(B) of the Federal Rules of Civil Procedure and the terms of the Order to Show Cause.

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 25, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **June 25, 2010,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 25, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **June 25, 2010,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.